UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

AUSTIN NEATHERY,                           )
                                           )
            Petitioner,                    )
                                           )
        v.                                 )        No. 1:23-cv-01723-RLY-MG
                                           )
WARDEN PRETORIUS,[1]                       )
                                           )
            Respondent.                    )

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND
DENYING A CERTIFICATE OF APPEALABILITY**

*Pro se* Petitioner Austin Neathery's petition for a writ of habeas corpus alleges the

state court erroneously denied him good time credits when it sentenced him in Indiana

Case No. 89D02-1806-MR-2 (Case No. MR-2), because it was based in part on the state

court's erroneous determination that Mr. Neathery received constitutionally adequate due

process during pretrial Conduct Adjustment Board (CAB) proceedings. Dkts. 1 at 1; 26.

The respondent argues the petition must be dismissed because, among other things, Mr.

Neathery failed to exhaust state remedies. Dkt. 36. Mr. Neathery contends he need not

comply with the exhaustion requirement as his claims are not subject to judicial review in

Indiana Courts. Dkt. 37 at 2. For the reasons discussed below, the Court dismisses the

petition because the claims are unexhausted and procedurally defaulted and denies a

certificate of appealability.

---

[1] Warden Pretorious is Mr. Neathery's custodian and the proper respondent. *See* Dkt. 36 at 1 n.1.
The Court will direct the Clerk of Court to substitute Warden Pretorius for Randy Retter.

1

## I.      Background

On June 8, 2018, Mr. Neathery was charged with murder in Case No. MR-2. Dkt. 17-1 at 2. On June 15, 2018, he was arrested and, after a stay at the Howard County Jail, was housed pending trial at the Wayne County, Indiana Sheriff's Office. *Id.* at 3. As a result of some of his actions in the jail, Mr. Neathery was additionally charged in state Case No. 89D02-2111-F6-000644 (Case No. 664) with battery on a public safety officer. Dkt. 17-2 at 2.

On March 10, 2022, Mr. Neathery signed a plea agreement resolving Case Nos. MR-2 and 644. Dkt. 17-20 at 1. For Case No. MR-2, he agreed to plead guilty to voluntary manslaughter. *Id.* For Case No. 644, he agreed to plead guilty to battery against a public safety officer. *Id.* The parties agreed that Mr. Neathery's aggregate sentence would be 31 years with 16 years suspended, including five years suspended to probation. *Id.* On March 11, 2022, the plea agreement was filed and the state court accepted Mr. Neathery's guilty pleas and the terms of the plea agreement. Dkts. 17-1 at 23–24; 17-3 at 1; 36-6 at 19–22.

At sentencing, the state court acknowledged receipt of "the report from Captain Andrew Abney-Brotz regarding Mr. Neathery's good time credit and the jail hearing with respect to his conduct while incarcerated . . .." Dkt. 36-6 at 69. Defense counsel opposed the denial of good time credits by arguing, among other things, "I don't think there's any notice as to what can happen for a certain violation," "There's no notice as to what the potential punishment is," "There's also a due process issue when you start talking about taking that much time per issue with basically a conduct violations hearing," and "I don't

2

know if [sic] satisfies the full due process necessary to take away that amount of jail time." *Id.* at 71-72. The State countered "As far as the due process claim, all of this resulted in a hearing that was housed at the jail. Every single one of them either pled, of the ones that were reported, he either [pled] guilty or was found guilty by that hearing and I think that would satisfy the due process claim . . .." *Id.* at 72.

The state court found Mr. Neathery should not receive good time credit between June 15, 2018, and January 2, 2022, because during that time, Mr. Neathery committed: (1) 12 level two major rule violations; (2) 28 level three major rule violations; (3) 15 level four major rule violations; and (4) four level five major rule violations, for a total of 59 major rule violations. Dkt. 17-3 at 2–3. The state court furthermore concluded that Mr. Neathery was not denied his due process rights because the CAB Board hearing on January 2, 2022, satisfied the statutory requirement of having a hearing as required by Ind. Code § 35-50-6-5(b). *Id.* The total amount of credit awarded to Mr. Neathery was 1,384 actual days plus 106 days of good-time credit for a total of 1,490 days. *Id.*

The court takes judicial notice of the case summaries of Mr. Neathery's Indiana cases, available at mycase.in.gov, which indicate Mr. Neathery did not file a direct appeal from the final sentencing order. On September 6, 2022, Mr. Neathery filed a state petition for post-conviction relief. Dkt. 36-4 at 1. Mr. Neathery's current amended state post-conviction petition contains no claim about pre-trial deprivation of good time credit. Dkt. 36-5. An evidentiary hearing for the state post-conviction petition is scheduled for March 4, 2027. Dkt. 36-4 at 17.

## II.    The Petition

The petition alleges the state court violated due process by denying Mr. Neathery good time credits for a portion of Mr. Neathery's pretrial detention because Mr. Neathery was not afforded constitutionally mandated due process during the CAB proceedings. Dkt. 1. Mr. Neathery alleges his due process rights were violated because (1) he was never provided with evidence against him so he could not prepare an adequate defense and was never given a written copy of findings of fact; (2) Jail Commander Abney-Brotz imposed more than the allowable sanctions; i.e., possible sanctions did not include loss of messaging or ability to file any forms available on the kiosk, including the appeal form, yet Commander Abney-Brotz removed Mr. Neathery's account permission to file any forms through the kiosk; (3) he never received notice of potential punishment; rather, a sanction form was received only after a finding of guilt; (4) Commander Abney-Brotz restricted Mr. Neathery's canteen account from messaging/filing permissions that denied him the right to appeal because paper appeals are no longer honored and appeals must be filed via kiosk; (5) he was never given a lay advocate or afforded that right; and (6) he was denied an impartial decision maker. Dkts. 1; 9; 10; 13.

Respondent previously moved to dismiss the petition arguing Mr. Neathery failed to exhaust his claims by raising them on direct appeal or in a state post-conviction petition. Dkt. 17 at 4–7. The court denied the motion to dismiss the petition finding the respondent failed to show any state court process was available to Mr. Neathery to present his due process claims as the respondent did not address or cite authority contrary to the Indiana Supreme Court's holding that, "[d]efendant's complaints with respect [ ] to

4

[a jail] disciplinary hearing are not subject to judicial review in Indiana state courts." Dkt. 25 at 3 (citing *Bates v. State*, 426 N.E.2d 404, 407 (Ind. 1981) (on direct appeal, declining to consider defendant's argument that he did not receive due process at pre-conviction disciplinary hearing, affirming the state court's denial of good time credit)). *Id.* Additionally, the court explained that it was unclear whether Mr. Neathery was attempting to challenge the state court judgment of conviction, so the court provided Mr. Neathery with an opportunity to inform the court whether he wished his petition to be construed as an attack on the state court judgment. *Id.* at 3–4. Mr. Neathery filed a timely response asking this Court to construe his petition as an attack on his judgment of conviction. Dkt. 26.

### III.    Exhaustion and Procedural Default

Respondents contend Mr. Neathery's petition must be dismissed because his claims are, among other things, unexhausted because he failed to present them on direct appeal or in a state post-conviction proceeding. Dkt. 36 at 6–8.

A state prisoner can procedurally default a federal claim by failing to exhaust his remedies in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (holding failure to present federal habeas claims to the state supreme court in a timely fashion resulted in a procedural default of those claims); *Jannke v. Gierach*, 159 F.4th 517, 521 (7th Cir. 2025). "[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation marks and

citations omitted) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round" of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan*, 526 U.S. at 845.

When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise the claim has passed, the claim is procedurally defaulted. *See O'Sullivan*, 526 U.S. at 848; *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992) (explaining that exhaustion refers only to issues that have not been presented to the state court but still may be presented, while procedural default occurs when a claim could have been, but was not, presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court). A claim is considered technically exhausted by procedural default if it was not raised in the state court and is now clearly procedurally barred under state law. *See Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006); *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996).

Mr. Neathery did not challenge the state court's denial of good time credits by filing a direct appeal from the final judgment of conviction. Despite the court's previous determination that Mr. Neathery did not have state court remedies to challenge his credit time loss, Respondent provided cases showing that Mr. Neathery could have challenged this on direct appeal.[2] *See, e.g., Taylor v. State*, 278 N.E.3d 1221, 1230 (Ind. Ct. App.

---

[2] Although Mr. Neathery waived his right to appeal in his plea agreement, the plea provided that he could not appeal his sentence "so long as the Court sentence[d] the Defendant within the terms of plea

2026) (directly appealing state court's denial of good time credit); *Harness v. State*, 246 N.E.3d 1271 (Ind. Ct. App. 2024); *Maciaszek v. State*, 75 N.E.3d 1089, 1092 (Ind. Ct. App. 2017) ("Here, Maciaszek asserts error in the calculation of presentence credit time."); *Roberts v. State*, 998 N.E.2d 743, 746 (Ind. Ct. App. 2013) (quoting *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001)) ("[T]hose sentencing decisions not mandated by statutes are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion."); *see also* Ind. R. App. P. 9 ("A party initiates an appeal by filing a Notice of Appeal with the Clerk (as defined in Rule 2(D)) within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary."). Thus, insofar as he requests this court construe his petition as an attack on the judgment of conviction, dkt. 26, Mr. Neathery has failed to exhaust his state remedies for his challenges to the state court's judgment. And because the deadline to appeal the state court judgment has expired without his seeking appeal, Mr. Neathery's claims attacking the state court judgment are procedurally defaulted. *See O'Sullivan*, 526 U.S. at 848.

When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he shows: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *accord Jannke*, 159 F.4th at 521–22. "Cause for a procedural default exists where

---

agreement." Dkt. 36-2 at 2. Thus, Mr. Neathery could have filed an appeal to challenge the deprivation of his credit time.

7

'something external to the petitioner, something that cannot fairly be attributed to him . . . impeded [his] efforts to comply with the State's procedural rule.'" *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012) (internal quotation marks omitted) (quoting *Coleman*, 501 U.S. at 753 and *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (emphasis in original)). "Then, to establish prejudice, the prisoner must show not merely a substantial federal claim, such that 'the errors at . . . trial created a possibility of prejudice,' but rather that the constitutional violation 'worked to his actual and substantial disadvantage.'" *Shinn v. Ramirez*, 596 U.S. 366, 379–80 (2022) (quoting *Murray*, 477 U.S. at 494 and *United States v. Frady*, 456 U.S. 152, 170 (1982) (internal quotation marks omitted) (emphasis in original)). "The miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Mr. Neathery has neither argued nor established cause and prejudice nor presented new evidence of actual innocence to excuse the procedural default of his claims that the state court erroneously determined Mr. Neathery was provided adequate due process during the CAB proceedings and correspondingly erred by exercising its discretion to deny him good time credits for a portion of his pretrial custody. Accordingly, the court dismisses the petition with prejudice as Mr. Neathery's claims are procedurally defaulted.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2254 and Habeas Corpus Rule 11, this court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of

appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis to conclude jurists of reason would debate the correctness of this court's procedural rulings that the claims raised in the petition must be dismissed as procedurally defaulted.

### IV.    Conclusion

The Petition for a Writ of Habeas Corpus, dkt. [1], is **dismissed with prejudice**.

**The clerk is directed** to update the docket to reflect that Warden Pretorious is the respondent in lieu of Randy Retter.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/21/2026

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AUSTIN NEATHERY
265006
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov

9